UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| ADAM FRANCHI, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HOUSTON WIRE & CABLE COMPANY, ) <br> ROY W. HALEY, MARGARET S. LAIRD, ) <br> DAVID NIERENBERG, JAMES L. ) <br> POKLUDA, III, SANDFORD W. ROTHE, ) <br> WILLIAM H. SHEFFIELD, and G. GARY ) <br> YETMAN, ) <br> Defendants. ) <br> ) <br> ) | Case No. _____ <br><br> **COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** <br><br> JURY TRIAL DEMANDED |

Plaintiff Adam Franchi ("Plaintiff"), on behalf of himself and all others similarly situated, upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Houston Wire & Cable Company ("Houston Wire" or the "Company") and the members of Houston Wire's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9. By the action, Plaintiff seeks to enjoin the vote on a proposed transaction, pursuant to which Houston Wire will be acquired by Omni Cable, LLC ("OmniCable") through OmniCable's subsidiary OCDFH Acquisition Sub Inc.

("Merger Sub") (the "Proposed Transaction").1

2.  On March 25, 2021, Houston Wire and OmniCable issued a joint press release announcing that they had entered into an Agreement and Plan of Merger dated March 24, 2021 (the "Merger Agreement") to sell Houston Wire to OmniCable. Under the terms of the Merger Agreement, each Houston Wire stockholder will receive $ 5.30 cash for each share of Houston Wire common stock they own (the "Merger Consideration").2 The Proposed Transaction is valued at approximately $91 million.

3.  On April 21, 2021, OmniCable filed a Schedule 14A Preliminary Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that Houston Wire stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information critical to stockholders being asked to make that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4.  It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

5.  For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event

---

[1] Non-party OmniCable is a Pennsylvania limited liability company and a subsidiary of Dot Holdings Co, which is owned by Dot Family Holdings LLC ("DFH"), a privately-owned company that owns and operates Dot Foods, Inc., the largest food industry redistributor in North America. Non-party Merger Sub is a Delaware corporation and wholly owned subsidiary of OmniCable.

[2] The Proposed Transaction is valued at approximately $91 million.

the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. §1331 (federal question jurisdiction).

7. The Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations in this District, or is an individual who has sufficient minimum contacts with this District so as to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of Houston Wire.

10. Defendant Houston Wire is a Delaware corporation, with its principal executive offices located at 10201 North Loop East, Houston, Texas 77029. The Company is a large provider of wire and cable and fastener products in the U.S. market. Houston Wire's common stock trades on The NASDAQ global Select Market under the ticker symbol "HWCC."

11. Defendant Roy W. Haley ("Haley") has been a director of the Company since 2017.

12. Defendant Margaret S. Laird ("Laird") has been a director of the Company since 2019.

13. Defendant David Nierenberg ("Nierenberg") has been a director of the Company

3

since March 2020.

14. Defendant James L. Pokluda, III ("Pokluda") has been President of the Company since May 2011, Chief Executive Officer ("CEO") since January 2012, and has been a director since 2012.

15. Defendant Sandford W. Rothe ("Rothe") has been a director of the Company since 2018.

16. Defendant William H. Sheffield ("Sheffield") has been a director of the Company since 2006. Defendant Sheffield was previously Non-executive Chairman from 2012 until June 2020.

17. Defendant G. Gary Yetman ("Yetman") has been Executive Chairman of the Board since June 2020, and a director of the Company since 2014.

18. Defendants identified in paragraphs 10-17 are referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

19. On March 25, 2021, Houston Wire and OmniCable issued a joint press release announcing the Proposed Transaction. The press release states, in relevant part:

> HOUSTON, Texas and WEST CHESTER, Pa., March 25, 2021 (GLOBE NEWSWIRE) -- Houston Wire & Cable Company (NASDAQ: HWCC) (HWCC) and Omni Cable, LLC (OmniCable) today announced that they have entered into a definitive agreement under which OmniCable will acquire all outstanding shares of HWCC common stock for $5.30 per share in an all-cash transaction valued at $91 million. The price represents a premium of 39% to HWCC's unaffected closing price of $3.80 on March 24, 2021 and an 89% premium to the $2.81 average closing price for the preceding 12-month period. The transaction was unanimously approved by HWCC's Board of Directors. All HWCC directors and officers have agreed to vote their shares, including shares held by The D3 Family Funds, in favor

4

of the transaction. Such shares currently represent approximately 19% of the issued and outstanding shares as of March 24, 2021.

OmniCable is a subsidiary of Dot Holdings Co, which is owned by Dot Family Holdings, owners and operators of Dot Foods, Inc., the largest food industry redistributor in North America.

The combined company results in a national wire and cable redistribution industry leader that will maximize OmniCable's and HWCC's highly complementary businesses, products and national footprint to better meet the needs of both companies' customers. The combined company also will continue HWCC's fastener redistribution business. Following the close of the transaction, each company will retain its own brands and its existing locations.

James L. Pokluda III, HWCC's President & CEO, commented, "HWCC, Vertex and OmniCable are highly respected suppliers in their respective markets serving electrical and industrial distributors throughout the U.S. and Canada. This merger creates an outstanding combination of leading businesses that will be well positioned to provide increased value and customer service to its redistributor partners."

"The HWCC team shares our passion for customer service," said Jeff Siegfried, OmniCable founder and vice chairman. "Our shared central focus on redistribution, logistical expertise, and unyielding pursuit of perfection for our business partners will drive both businesses to enhance the value that we bring to the marketplace. We look forward to continued growth and the shared learning we know will come from this new relationship."

**Transaction Details**

Under the terms of the agreement, HWCC stockholders will receive $5.30 in cash for each share of common stock they own. In addition, each stock-based equity award outstanding under the Company's stock and deferred compensation plans will be cancelled in exchange for $5.30. No consideration will be paid for stock options, all of which have exercise prices above the merger price.

The agreement includes a 30-day "go-shop" period expiring on April 24, 2021, which permits HWCC's Board of Directors and advisors to solicit alternative acquisition proposals from third parties. HWCC will have the right to terminate the merger agreement to enter into a superior proposal subject to the terms and conditions of the merger agreement. There can be no assurance that this "go-shop" will result in a superior proposal, and HWCC does not intend to disclose developments with respect to the solicitation process unless and until it determines such disclosure is appropriate or is otherwise required.

The transaction is expected to close following HWCC's Annual Meeting of Stockholders, scheduled for May 25, 2021, subject to customary closing conditions, including approval by HWCC stockholders. Upon completion of the transaction, HWCC common stock will no longer be listed on any public market.

**Fourth Quarter and Full Year 2020 Financial Results**

Separately, later today HWCC intends to file its 2020 Annual Report on Form 10-K, which will contain its fourth quarter and full year 2020 financial results. The Form 10-K will be available on the "Investor Relations" section of the HWCC website, as well as from the SEC.

**Advisors**

William Blair & Company, L.L.C. and Johnson Rice & Company, L.L.C. are serving as financial advisors to HWCC, and Schiff Hardin LLP is serving as legal counsel. Lewis Rice LLP is serving as legal counsel to OmniCable.

*The Proxy Statement Contains Material Misstatements or Omissions*

20. The defendants filed a materially incomplete and misleading Proxy Statement with the SEC and disseminated it to Houston Wire's stockholders. The Proxy Statement misrepresents or omits material information that is necessary for the Company's stockholders to make an informed decision whether to vote in favor of the Proposed Transaction or seek appraisal.

21. Specifically, as set forth below, the Proxy Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (i) certain financial projections; (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by the Company's financial advisor, Johnson Rice & Company, LLC ("Johnson Rice"); and (iii) the Background of the Proposed Transaction, including the reasons why the Board did not obtain a fairness opinion from its second financial advisor, William Blair & Company, LLC ("William Blair").

*Material Omissions Concerning Certain Financial Projections*

22. The Proxy Statement omits material information regarding the Company's

financial projections. The Proxy Statement, for example, states "Johnson Rice performed a discounted cash flow analysis of [Houston Wire] based on its management's projections and the calculations of risk adjusted, after-tax unlevered free cash flows." Proxy Statement at 37. The Proxy Statement, however, completely fails to disclose those critical financial forecasts. The Proxy Statement does provide forecasts for the Company's EBITDA, EBITDA Margin and "Cash Flow," but fails to disclose the line items underlying those financial metrics. *See* Proxy Statement at 32-34.

23. The omission of this material information renders the statements in the "Financial Projections Prepared by the Company's Management" and "Background of the Merger" sections of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

***Material Omissions Concerning the Financial Advisors' Financial Analyses***

24. The Proxy Statement omits material information regarding the Johnson Rice's financial analyses.

25. With respect to Johnson Rice's *Selected Transactions Analysis*, the Proxy fails to disclose the total values and closing dates of the respective transactions.

26. With respect to Johnson Rice's *Discounted Cash Flow Analysis*, in addition to the omitted unlevered free cash flows forecast, the Proxy fails to disclose: (i) the individual inputs and assumptions underlying the discount rates ranging from 7.5% to 10.3%; (ii) the terminal values of the Company; and (iii) Johnson Rice's basis for using a terminal multiple range of 7.6x to 9.6x.

27. With respect to Johnson Rice's *Relative Trading Analysis*, the Proxy fails to disclose: (i) the transactions observed in the analysis; and (ii) the premiums paid in the transactions.

28. Without such undisclosed information, Houston Wire stockholders cannot evaluate for themselves whether the financial analyses upon which stockholders are asked to rely

were based on reliable inputs and assumptions or whether they were prepared with an eye toward ensuring that a positive fairness opinion could be rendered in connection with the Proposed Transaction.  In other words, full disclosure of the omissions identified above is required in order to ensure that stockholders can fully evaluate the extent to which the fairness opinions and analyses should factor into their decision whether to vote in favor of or against the Proposed Transaction or seek appraisal.

29. The omission of this material information renders the statements in the "Opinion of the Company's Financial Advisor" section of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

***Material Omissions Concerning Potential Conflicts***

30. The Proxy Statement fails to disclose material information regarding potential conflicts affecting both the Company's financial advisors and Houston Wire executive management.

31. For example, with respect to Johnson Rice, the Proxy Statement fails to disclose the timing and nature of the past services Johnson Rice provided to the Company and its affiliates, and the amount of compensation received by Johnson Rice for providing the services.  The Proxy Statement also fails to disclose the reasons that necessitated the Company engaging Johnson Rice just seven days before it provided a fairness opinion

32. Far more troubling, however, is the lack of disclosure regarding the Company's other (original) financial advisor, William Blair.

33. The "Background of the Merger" section in the Proxy Statement makes clear that William Blair provided the vast majority of guidance to the Company during the process leading to the Proposed Transaction.  In fact, the Proxy Statement goes so far as to state at one point that

William Blair performed "valuation analyses" as part of the services they provided. The Proxy Statement, however, fails to disclose any information regarding William Blair's analyses, let alone a summary of them.

34. Similarly the Proxy Statement is silent as to why the Company did not receive an actual fairness opinion from William Blair (or why it needed a second, last-minute financial advisor.) In addition, the Proxy Statement fails to disclose the terms of William Blair's engagement, including: (i) the amount of compensation William Blair has received or will receive in connection therewith; (ii) the amount of William Blair's compensation contingent upon the consummation of the Proposed Transaction; (iii) whether William Blair has performed past services for any parties to the Merger Agreement or their affiliates; (iv) the timing and nature of such services; and (v) the amount of compensation received by William Blair for providing such services.

35. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

36. The omission of this information renders the statements in the "Opinion of the Company's Financial Advisor," and "Background of the Transactions" sections of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

37. The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Proxy Statement. Absent disclosure of the foregoing material information prior to the stockholder vote on the Proposed Transaction, Plaintiff and the other stockholders of Houston Wire will be unable to make an informed voting or appraisal decision in connection with

the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

### Claims Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder

38. Plaintiff repeats all previous allegations as if set forth in full.

39. During the relevant period, defendants disseminated the false and misleading Proxy Statement specified above, which failed to disclose material facts necessary to make the statements, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

40. By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Proxy Statement. The Proxy Statement was prepared, reviewed, and/or disseminated by the defendants. It misrepresented and/or omitted material facts, including material information about the Company's financial projections, the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by Morgan Stanley, and Morgan Stanley's and Company insiders' potential conflicts of interest. The defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

41. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder would consider them important in deciding how to vote on the Proposed Transaction or seek to exercise their appraisal rights.

42. By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

43.     Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm, rendering money damages inadequate. Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

### Claims Against the Individual Defendants for
### Violations of Section 20(a) of the Exchange Act

44.     Plaintiff repeats all previous allegations as if set forth in full.

45.     The Individual Defendants acted as controlling persons of Houston Wire within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Houston Wire, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

46.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

47.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Proxy Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Proxy Statement.

48. In addition, as the Proxy Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Proxy Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

49. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

50. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Houston Wire's stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Houston Wire, and against defendants, as follows:

A. Ordering that this action may be maintained as a class action and certifying Plaintiff as the Class representative and Plaintiff's counsel as Class counsel;

B. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Houston Wire stockholders;

C. In the event defendants consummate the Proposed Transaction, rescinding it and

setting it aside or awarding rescissory damages to Plaintiff;

   D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

   E. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

   F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: May 27, 2021        **LONG LAW, LLC**

              By */s/ Brian D. Long*
                 Brian D. Long (#4347)
                 3828 Kennett Pike, Suite 208
                 Wilmington, DE 19807
                 Telephone: (302) 729-9100
                 Email: BDLong@longlawde.com

                 *Attorneys for Plaintiff*